IN THE UNITED STATES DISTRICTT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES SWINT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:23-cv-232 |
| | ) | |
| v. | ) | |
| | ) | District Judge Susan Paradise Baxter |
| L.J. OLIVER, et al., | ) | Magistrate Judge Kezia O. L. Taylor |
| | ) | |
| Defendants. | ) | ECF No. 62 |

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

For the following reasons, it is respectfully recommended that this case be dismissed with prejudice for Plaintiff's failure to prosecute insofar as Plaintiff has failed to comply with this Court's Order to Show Cause, which expressly advised that this case could be dismissed, without further warning, should Plaintiff fail to respond to the pending Motion for Summary Judgment by February 4, 2025.

**II.    REPORT**

   **A.  Procedural History**

Plaintiff, who at all times relevant to the instant action was incarcerated at the State Correctional Institution at Albion ("SCI-Albion"), initiated this *pro se* civil rights action by filing a Complaint with the Commonwealth Court of Pennsylvania, on or about April 6, 2023. ECF No. 1-1. The Commonwealth Court transferred the matter to the Court of Common Pleas of Erie County, Pennsylvania, and Defendants subsequently removed the matter to this Court pursuant to a Notice of Removal dated August 8, 2023. ECF No. 1.

On October 30, 2023, Plaintiff filed an Amended Complaint, ECF No. 28, which is the operative pleading in this case, wherein he alleged that Defendants failed to protect him from abuse

by other inmates in violation of his Eighth Amendment rights, that Defendants Thompson and Jones violated his Fourteenth Amendment equal protection rights by not affording him the opportunity to attend parole classes without being harmed, and that all Defendants should be liable for retaliation, in violation of Plaintiff's First Amendment rights, based on the alleged retaliatory conduct of other staff members that occurred after Plaintiff filed the within action. *See* ECF No. 28, *generally*. On November 9, 2023, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint and Plaintiff filed a Response in Opposition thereto. ECF Nos. 32, 42. On April 29, 2024, Chief Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") recommending that Defendants' Motion be granted in part and denied in part. *See* ECF No. 48. Specifically, the R&R recommended that Defendants' motion be (1) granted as to Plaintiff's Fourteenth Amendment equal protection claim against all Defendants, and (2) granted as to his Eighth Amendment failure to protect claim against Defendant Seymour. These claims were recommended for dismissal, without prejudice to Plaintiff's right to amend. The R&R recommended that Plaintiff's Eighth Amendment failure to protect claim against Defendants Soliwoda, Oliver, Thompson, Jones, and Floyd be denied. *Id*. In addition, the R&R recommended that, to the extent Plaintiff was asserting a First Amendment retaliation claim, such claim should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A. *Id*. at 19-20. Plaintiff was afforded thirty days from May 22, 2024, when the Order adopting the R&R was issued, to correct the deficiencies related to his Fourteenth Amendment equal protection claim, his Eighth Amendment failure to protect claim against Defendant Seymour, and any First Amendment retaliation claim he may have intended to assert. *See* ECF No. 49.

Plaintiff failed to file an amended complaint within the time prescribed by this Court's May 22, 2024 Order. Accordingly, his retaliation, failure to protect, and equal protection claims were

dismissed, with prejudice. *See* ECF No. 51. As such, the remaining claim in this action is Plaintiff's Eighth Amendment failure to protect claim against Defendants Soliwoda, Oliver, Thompson, Jones, and Floyd. *Id*.

The remaining Defendants filed their Answer on July 17, 2024, and on November 6, 2024, submitted their Motion for Summary Judgment. ECF Nos. 53, 56-59. On November 7, 2024, this Court issued an Order directing Plaintiff to respond to the pending Motion by December 6, 2024. ECF No. 60.[1] Plaintiff failed to comply with this deadline, and on January 21, 2025, the undersigned issued an Order to Show Cause, wherein the Court extended Plaintiff's deadline to respond to the pending Motion until February 4, 2025. ECF No. 62. In this Order to Show Cause, this Court warned Plaintiff that he was being given "one last opportunity" to file his response to Defendants' Motion for Summary Judgment, and that if he failed to comply with the new deadline, "then this case may be dismissed without further warning to him." *Id*. To date, Plaintiff has failed to respond to Defendants' Motion, or in any way indicate that he is still engaged in this litigation.

**B. Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and, under this Rule, "a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100, 102 (3d Cir. 2016) (per curiam) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss sua sponte under Rule 41(b).")

---

[1] On the same date, this Court ordered Plaintiff to file his election form, selecting a Magistrate Judge or a District Judge to preside over his case. ECF No. 61. Plaintiff failed to comply with this Court's Order because, to date, no election form has been submitted.

The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'" *Qadr*, 642 F. App'x at 103 (quoting *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008)). Before engaging in a *sua sponte* dismissal, "the district court should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders." *Briscoe*, 538 F.3d at 258.

Here, by this Court's Order to Show Cause, dated January 21, 2025, Plaintiff was advised that if he did not respond to the pending Motion for Summary Judgment by February 4, 2025, his case could be dismissed for his failure to prosecute "without further warning to him." ECF No. 62. To date, Plaintiff has failed to submit his response or provide any indication of his willingness to proceed with this litigation.

    a. **The *Poulis* Factors**

In *Poulis v. States Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.* at 868. In balancing the *Poulis* factors, no single factor is dispositive, nor do all factors need to be satisfied to result in dismissal of the complaint. *Briscoe*, 538 F.3d at 263. However, in determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128,

4

132 (3d Cir. 2019). The Third Circuit has emphasized that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and they "must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 867-68, 869 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). "[C]ases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132.

### b. Application of the *Poulis* Factors

#### 1. The extent of the party's personal responsibility

"[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Adams,* 29 F.3d at 873. In determining personal responsibility for the delay, the Court must distinguish "between a party's responsibility for delay and counsel's responsibility." *Hildebrand*, 923 F.3d at 133 (citing *Poulis*, 747 F.2d at 868). A plaintiff is not conjecturally responsible for her counsel's delay. *Id*. Any doubt as to personal responsibility should be resolved "'in favor of reaching a decision on the merits.'" *Id*. at 138 (quoting *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)).

Here, because Plaintiff is proceeding *pro se*, the responsibility for failing to comply with orders, including his obligation to respond to Defendants' Motion for Summary Judgment, is his alone. Therefore, the first factor favors dismissal.

#### 2. Prejudice to the adversary

Prejudice to the adversary is a substantial factor in the *Poulis* analysis; but like any other factor, it is not dispositive. *Hildebrand*, 923 F.3d at 134. "Relevant examples of prejudice include 'the irretrievable loss of evidence[] [and] the inevitable dimming of witnesses' memories.'" *Id*. (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). A party is not required "to show 'irremediable harm' for the prejudice to weigh in favor of dismissal." *Id.* (quoting *Ware v.*

*Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). If the opposition is unable to prepare "a full and complete trial strategy" then there is sufficient prejudice to favor dismissal. *Id*. (citation omitted).

Here, Defendants will be severely prejudiced if the case is permitted to linger in the absence of activity by Plaintiff. The memory of witnesses will most surely fade with the passage of time. Additionally, personnel and staff may change at SCI-Albion, which creates difficulties in gathering relevant evidence. Most importantly, Defendants cannot defend claims that are not being pursued by Plaintiff. Therefore, the second factor favors dismissal.

### 3. A history of dilatoriness

A history of dilatoriness is generally established by repeated "delay or delinquency." *Adams*, 29 F.3d at 874. While once or twice is normally insufficient, this factor weighs in favor of dismissal where the plaintiff has a history of repeated delay. *Hildebrand*, 923 F.3d at 135 (citation omitted). In addition to repeated acts, "extensive" delay can also create a history of dilatoriness. *Adams*, 29 F.3d at 874. A "failure to prosecute" does not require that plaintiff take affirmative "steps to delay the trial …. It is quite sufficient if [he/she] does nothing …. " *Id*. at 875 (citation omitted).

"While extensive delay may weigh in favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'" *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 875). Thus, where a plaintiff has not been previously delinquent the weight given even a long delay should be mitigated. *Id*.

Here, Plaintiff's last docket entry dates back to December 27, 2023, when he filed Objections to an R&R relative to his previously filed Motion for Preliminary Injunction. ECF Nos. 17, 46. He has not requested any extensions of time in which to respond to the pending summary

judgment motion, nor has he filed anything in response to this Court's January 21st Order to Show Cause. It appears that he has abandoned this civil action. Thus, the third factor also weighs in favor of dismissal.

### 4. Whether the party's conduct was willful or in bad faith

In determining if a plaintiff's conduct constituted willful or bad faith, the "court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as [a case history of] failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct delays." *Id*. (citing *Scarborough*, 747 F.2d at 875 (citation omitted)). "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Although "[a] lengthy delay reflects 'inexcusable negligent behavior,' *id*. at 876, . . . that behavior alone does not rise to the level of willfulness or bad faith." *Hildebrand*, 923 F.3d at 135.

Finally, "[b]ecause the harsh sanction of dismissal should serve to deter bad faith or self-serving behavior, and because of our policy of favoring decisions on the merits, [in the absence of evidence] that the delay was not effectuated willfully or in bad faith, [this factor] should weigh against dismissal." *Id*. at 136.

Here, Plaintiff has willfully ignored Court orders because he failed to take any action despite this Court ordering him to submit his jurisdiction election form and respond to Defendants' motion. *See* ECF Nos. 60-62. Therefore, the fourth factor also weighs in favor of dismissal.

### 5. Effectiveness of sanctions other than dismissal

A district court must thoroughly consider "alternative sanctions before dismissing a case with prejudice." *Id*. (citing *Briscoe*, 538 F.3d at 262). The court should also provide an analysis of effectiveness sufficient "to honor [the] longstanding tradition of favoring decisions on the

merits." *Id*. In so doing, the court should be mindful that "[a]lternatives are particularly appropriate when the plaintiff has not personally contributed to the delinquency." *Poulis*, 747 F.2d at 866 (citations omitted). "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand*, 923 F.3d at 136. They are not required to be "completely ameliorative." *Id*.

Here, Plaintiff is proceeding *in forma pauperis* so it is unlikely that any sanction imposing costs or fees upon him would be effective. Therefore, the Court can see no alternative sanction that would be appropriate other than dismissal. Accordingly, the fifth factor weighs in favor of dismissal.

### 6. Meritoriousness of claim or defense

The standard for determining whether a plaintiff's claims are meritorious is moderate. *Adams*, 29 F.3d at 876. The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a summary judgment standard, is applicable in a *Poulis* analysis. *Id.* at 869-70.

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." (*Fowler* [*v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)]); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117-18, (3d Cir. 2013).

8

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

In addition, when considering *pro se* pleadings, a court must employ less stringent standards than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

This Court previously determined that at least some of Plaintiff's claims are, or could be, meritorious, based upon its ruling on Defendants' Motion to Dismiss. *See* ECF No. 49. Specifically, this Court previously determined that Plaintiff's Amended Complaint sufficiently "allege[d] facts to support the essential elements of an Eighth Amendment "failure to protect" claim against Oliver, Thompson, Jones, and Floyd . . ." and denied Defendants' motion to dismiss this claim. ECF No. 48 at 18. The Court also believed that, if Plaintiff remedied the deficiencies that Chief Judge Lanzillo observed in his R&R, and filed a timely Amended Complaint, then his failure to protect, retaliation, and equal protection claims could have been salvaged. ECF No. 49 at 3. Because at least one of Plaintiff's claims was deemed meritorious at the motion to dismiss stage, and because it is this standard that is applicable to a *Poulis* analysis, this factor does not weigh in favor of dismissal.

In sum, five out of the six *Poulis* factors weigh in favor of dismissal, such that dismissal is warranted.

### III. CONCLUSION

For the above reasons, it is respectfully recommended that this case be dismissed for failure to prosecute and for failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

In accordance with the Federal Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: March 17, 2025

**BY THE COURT**

s/Kezia O. L. Taylor
KEZIA O. L. TAYLOR
United States Magistrate Judge

**CHARLES SWINT**, MU2745
SCI ALBION
10745 ROUTE 18
ALBION, PA 16475-0001